

6 SO 6 ᐯA

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

_____ )
)
TAGEDDINE, Adnan Hassan (A# 95 456 491)) 
SBEITI, Ayman H. (A# 95 456 344)         )
              Plaintiffs )
v.                                       )
)
District Director, USCIS                 )
Detroit; United States Department        )
of Homeland Security; U.S. Attorney      )
General, Federal Bureau of Investigation )
)
        Defendants )
)
_____ )

Exhibits A - F

**07 - 1 1 3 1 5**

Civil Action No.

## LAWRENCE P. ZATKOFF

### MAGISTRATE JUDGE SCHEER

FILED 2001 MAR 27 A 10: 01
U.S. DIST. COURT CLERK
EASTERN DIST. MICH.

### COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

**INTRODUCTION:**

    This action is brought by the Plaintiffs to compel the Defendant District Director of the United States Citizenship and Immigration Service in Detroit (USCIS) to adjudicate the applications by Adnan Hassan Tageddine and Ayman H. Sbeiti for their adjustment of status. Mr. Tageddine's application has been on file with the INS (Immigration and Naturalization Service) since October 26, 2002. Mr. Sbeiti's adjustment application has been pending since May 24, 2004. The defendants FBI and District Director of the Immigration and Naturalization Service in Detroit (INS), have failed and refused to complete the case.

    **PARTIES:**

1.    The Plaintiff Adnan Hassan Tageddine, A# 095 456 491, is a citizen of Lebanon.

He is 37 years old and lives in Dearborn Heights, Michigan. He is the husband of a U.S. citizen. USCIS requested Plaintiff Tageddine's namecheck on May 3, 2004. To date, the FBI has not completed their namecheck.

2.     The Plaintiff Ayman H. Sbeiti, A# 95 456 344, is a citizen of Lebanon. He is 29 years old and lives in Dearborn Heights, Michigan. He is married to a U.S. citizen. Mr. Sbeiti's adjustment application has been pending since May 24, 2004.

3.     Plaintiffs are trapped in adjustment limbo. They have suffered grievously as a result of these delays. They have been deprived of the substantial and unique benefits of legal residents, including the right to enter and remain in the United States; freedom of movement and travel. The inability to travel and carry out necessary activities, the inability to file visa petitions for immediate relatives. Defendants maintain a practice of failing and refusing to timely grant or deny adjustment applications, to timely schedule adjustment interviews, notify adjustment applicants regarding the results of their adjustment interview and to timely.

4.     Plaintiff Tagaddine has a sick father in Lebanon that he cannot visit. See Exhibit A.

5.     Plaintiffs may not travel for business or and visit family outside of the United States. If they leave while their adjustment application is pending, their applications will be deemed abandoned.

6.     Plaintiffs have further been damaged in that their employment authorization is tied to their status as applicant for permanent residency, and is limited to

2

2:07-cv-11315-LPZ-DAS   Doc # 1   Filed 03/27/07   Pg 3 of 27   Pg ID 3

increments not to exceed one year. 8 CFR §274a.12(c)(9). Therefore, Plaintiffs have been forced to repeatedly apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Plaintiff. INA §274A(a)(2), 8 USC §1324a(a)(2).

7.   Being deprived of the status of lawful permanent residents during the interminable pendency of her application has further damaged plaintiff.

8.   The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, is unlawfully withholding or unreasonably delaying action on Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

9.   Plaintiffs have made numerous status inquiries in an attempt to secure adjudication of their applications, all to no avail. Accordingly, Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

10.  The Defendant USCIS Director is the officer of the Immigration and Naturalization Service, an agency within the U. S. Department of Justice, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for Legal Permanent Residents.

11.  Defendants maintain a practice of failing and refusing to timely grant or deny adjustment applications, to timely schedule adjustment interviews, notify adjustment applicants regarding the results of their adjustment interview, and to timely complete security and namechecks, as required by the applicable provisions of federal law.

3

12.    The Defendant FBI has the responsibility of processing security
       checks/clearances, including a clearance sometimes colloquially referred to as
       "name checks" as well as fingerprint checks.  Completion of the FBI duties vis a
       vis a adjustment applicant is a prerequisite for the final adjudication an
       adjustment.

13.    On information and belief, the FBI, by assigning insufficient staff to process name
       check requests, failed to reduce backlogs, and, as a result, failed to process
       Plaintiffs' name check in a timely manner.

14.    Information readily available to the public over the Internet indicates that the
       results of a fingerprint check are typically available within two days and the
       results of the IBIS check are generally available immediately. USCIS must review
       the results of these tests, as well as the results of the name check, and USCIS must
       sometimes conduct follow-up questioning of the naturalization applicant. See
       Understanding the Security Process,
       http://usinfo.state.gov/gi/Archive/2006/May/04-878088.html, ("Understanding the
       Security Process Factsheet"), printed for the Court's convenience as Exhibit B.

15.    According to the Understanding the Security Process Factsheet, all applicants for
       U.S. immigration benefits are required to have criminal and national security
       background checks.  Only one percent of namecheck requests remain pending
       more than six months.  Exhibit B at p. 3.

16.    The FBI is processing cases out of order, letting 99% of the new requests go
       ahead of Plaintiffs' pending namecheck on an ongoing and continuous basis for
       month after month.

4

17.  Not only has the FBI failed to complete and failed to expedite Plaintiffs' namechecks, but the FBI is consistently taking requests for namechecks out of order. The FBI processes new namecheck requests before their backlog is cleared.

18.  Defendant FBI has been unreasonably delayed within the scope of 5 U.S.C. § 555(b). Plaintiffs respectfully requests that this Court order the FBI to complete its namecheck and all other required security clearances that are conditions precedent to the USCIS adjudication of Plaintiffs' naturalization application within 30 days or, in the alternative, a date-certain deadline.

**EXHAUSTION OF REMEDIES**

19.  Plaintiff has exhausted her administrative remedies. Plaintiff has, through her attorney, made numerous inquiries concerning the status of the application to no avail.

**JURISDICTION:**

20.  This is a civil action brought pursuant to 28 USC §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant and those working under her to perform duties she owes to the Plaintiff.

21.  Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC §§ 702 *et seq.*

22.  The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a declaratory judgment.

5

23. Jurisdiction is also conferred by Section 6 of the APA, 5 U.S.C. § 555(b), which invokes federal question jurisdiction, due to the unreasonable delay of USCIS and the FBI in processing the adjustment application.

24. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC § 2412(d), *et seq.*

25. With respect to the marriage-based applications, 8 C.F.R. § 245.2(a)(5) provides that "[t]he applicant **shall be notified** of the decision of the director and, if the application is denied, the reasons for the denial... If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status." 8 C.F.R. § 245.2(a)(5). (emphasis added).

26. 8 USC §1154(b) states that:

After an investigation of the facts in each case . . . the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State. The Secretary of State **shall** then authorize the consular officer concerned to grant the preference status.
*Id.* (emphasis added).

The word "shall" is an auxiliary verb that modifies "approve," thereby expressing Congress's intent to mandate the approval of applications upon a determination that the facts in the application are true and that the applicant falls into one of three categories. The inverse implication of 1154(b)'s mandate is that an application shall be denied if the applicant does not meet the qualifications. Either way, section 1154(b) mandates action, i.e., adjudicating applications. The qualifying phrase following "shall" and preceding "approve" represents Congress's intent to leave the outcome of a *specific*

6

application to the USCIS upon consideration of the relevant facts. Section 1154(b)'s terms create a purely ministerial and nondiscretionary duty on the part of USCIS to adjudicate applications.

27.     In addition to the mandatory language of section 1154(b), 8 U.S.C § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). In other words, the statutes and the regulation state, in no uncertain terms, that certain action shall be taken by Defendants even if the ultimate determination of how they will act is committed to their discretion. Accordingly, regardless of the ultimate decision, Defendants have a nondiscretionary duty to act on Plaintiff's applications.

**VENUE**

28.     Venue is proper in Detroit, Michigan and the Eastern District of Michigan since the Defendant District Director has her principal place of business there.

**REMEDYSOUGHT:**

29.     Plaintiffs seek to have the Court compel the FBI to complete their security checks and the District Director of the USCIS to adjudicate the I-485 applications for adjustment of status, which the Plaintiffs filed with the Defendant USCIS. Plaintiffs seek to have the Court impose a date-certain deadline.

30.     Plaintiffs seek an order protecting them from retaliatory action in adjudicating their applications.

**CAUSE OF ACTION:**

31.     Plaintiff Tagaddine filed an I-485 Application for adjustment on October 26,

7

2002. The Defendant has acknowledged that the adjustment case is filed and is pending with her office. A copy of the Receipt for filing the I-485 is annexed as Exhibit C.

32.   Plaintiff Sbeiti feed-in his I-465 application on April 27, 2004 and filed his adjustment application in Immigration Court on May 24, 2004. See Exhibits D and E, respectively.

33.   Plaintiff Sbeiti's case was transferred from Immigration Court to USCIS on January 10, 2006. See Exhibit F.

34.   To date, defendants have failed to complete security checks and failed to adjudicate Plaintiffs' adjustment applications.

35.   Mandamus is appropriate because there is no other remedy at law. But Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**PRAYER**

36.   WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter a mandamus order:

(a) requiring Defendants to adjudicate Plaintiffs application for adjustment of status by a date-certain deadline;

(b) requiring the FBI to complete security checks by a date-certain deadline;

(c) protect Plaintiffs from retaliatory action by Defendants;

8

(d) Plaintiff further prays that if the Agency's decision is adverse to them, that the decision include justification and explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices of the INS.

(e) awarding Plaintiff reasonable attorney's fees; and

(f) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Dated: March 22, 2007

George P. Mann (P 24888)
Attorney for Petitioner
Pineview Office Park
33505 W. 14 Mile Rd., Suite 20
Farmington Hills, MI 48331
(248) 932-0990

9

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| TAGEDDINE, Adnan Hassan (A# 95 456 491) | ) | |
| SBEITI, Ayman H. (A# 95 456 344) | ) | |
| Plaintiffs | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| District Director, USCIS | ) | |
| Detroit; United States Department | ) | |
| of Homeland Security; U.S. Attorney | ) | |
| General, Federal Bureau of Investigation | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

### AFFIDAVIT IN SUPPORT OF COMPLAINT FOR MANDAMUS

I, the undersigned, the counsel for Plaintiffs, hereby declare that the above statements are true to

the best of my knowledge and belief.

Dated: March 22, 2007

_____
George P. Mann (P 24888)
Attorney for Petitioner
Pineview Office Park
33505 W. 14 Mile Rd., Suite 20
Farmington Hills, MI 48331
(248) 932-0990

Subscribed and sworn before me on *March 22, 2007.*

*Joan Marie Post* Public Notary

JOAN MARIE POST
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES May 16, 2011
ACTING IN COUNTY OF *Oakland*

10

Exhibit A

**Najem Hospital**
Tyr – AL-Housh

Tel : 741595 – 344423
Fax: 07/346457



مستشفى النجم الطبي

صور - الحوش

هاتف : ٧٤١٥٩٥ - ٣٤٤٤٢٣

فاكس : ٠٧/٣٤٦٤٥٧

## *Medical Report*

The patient **HASSAN TAGEDDINE**, 73 years old, is the father of **ADNAN HASSAN TAGEDDINE**, 37 years old, was admitted to ICU at 7/12/2006 suffering from Cardiac problems and may need open hearted at any time. So he needs his son to be beside him in this period.

For More Information
Connect Me On
0096_____

*Dr.* _____

Exhibit B




>> Topics  |  Regions  |  Resource Tools  |  Products  |  Español | Français | Pycckuú | عـربي | 中文 | فارسى

**Global** Issues

You Are In: USINFO > Topics > Global Issues > Visas, Passports and Immigration

## Understanding the Immigration Security Process

### Homeland Security fact sheet explains security checks for immigration benefit applicants

An explanation of the immigration security check system was issued by the U.S. Citizenship and Immigration Services April 25 in response to some applicant frustration about delays in the process.

All applicants for a U.S. immigration benefit are subject to criminal and national security background checks to ensure they are eligible for that benefit. The agency acknowledges a small number of delays, but assures the public they are not based on race, ethnicity, religion or national origin.

For related information, see *Visas, Passports and Immigration*.

The text of the fact sheet follows:

U.S. Department of Homeland Security
Fact Sheet
April 25, 2006

Immigration Security Checks—How and Why the Process Works

Background

All applicants for a U.S. immigration benefit are subject to criminal and national security background checks to ensure they are eligible for that benefit. U.S. Citizenship and Immigration Services (USCIS), the Federal agency that oversees immigration benefits, performs checks on every applicant, regardless of ethnicity, national origin or religion.

Since 2002, USCIS has increased the number and scope of relevant background checks, processing millions of security checks without incident. However, in some cases, USCIS customers and immigrant advocates have expressed frustration over delays in processing applications, noting that individual customers have waited a year or longer for the completion of their adjudication pending the outcome of security checks. While the percentage of applicants who find their cases delayed by pending background checks is relatively small, USCIS recognizes that for those affected individuals, the additional delay and uncertainty can cause great anxiety. Although USCIS cannot guarantee the prompt resolution of every case, we can

assure the public that applicants are not singled out based on race, ethnicity, religion, or national origin.

USCIS strives to balance the need for timely, fair and accurate service with the need to ensure a high level of integrity in the decision-making process. This fact sheet outlines the framework of the immigration security check process, explaining its necessity, as well as factors contributing to delays in resolving pending cases.

Why USCIS Conducts Security Checks

USCIS conducts security checks for all cases involving a petition or application for an immigration service or benefit. This is done both to enhance national security and ensure the integrity of the immigration process. USCIS is responsible for ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens by screening out people who seek immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. These investigations require time, resources, and patience and USCIS recognizes that the process is slower for some customers than they would like. Because of that, USCIS is working closely with the FBI and other agencies to speed the background check process. However, USCIS will never grant an immigration service or benefit before the required security checks are completed regardless of how long those checks take.

How Immigration Security Checks Work

To ensure that immigration benefits are given only to eligible applicants, USCIS adopted background security check procedures that address a wide range of possible risk factors. Different kinds of applications undergo different levels of scrutiny. USCIS normally uses the following three background check mechanisms but maintains the authority to conduct other background investigations as necessary:

• The Interagency Border Inspection System (IBIS) Name Check— IBIS is a multi-agency effort with a central system that combines information from multiple agencies, databases and system interfaces to compile data relating to national security risks, public safety issues and other law enforcement concerns. USCIS can quickly check information from these multiple government agencies to determine if the information in the system affects the adjudication of the case. Results of an IBIS check are usually available immediately. In some cases, information found during an IBIS check will require further investigation. The IBIS check is not deemed completed until all eligibility issues arising from the initial system response are resolved.

• FBI Fingerprint Check—FBI fingerprint checks are conducted for many applications. The FBI fingerprint check provides information relating to criminal background within the United States. Generally, the FBI forwards responses to USCIS within 24-48 hours. If there is

a record match, the FBI forwards an electronic copy of the criminal history (RAP sheet) to USCIS. At that point, a USCIS adjudicator reviews the information to determine what effect it may have on eligibility for the benefit. Although the vast majority of inquiries yield no record or match, about 10 percent do uncover criminal history (including immigration violations). In cases involving arrests or charges without disposition, USCIS requires the applicant to provide court certified evidence of the disposition. Customers with prior arrests should provide complete information and certified disposition records at the time of filing to avoid adjudication delays or denial resulting from misrepresentation about criminal history. Even expunged or vacated convictions must be reported for immigration purposes.

• FBI Name Checks—FBI name checks are also required for many applications. The FBI name check is totally different from the FBI fingerprint check. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement. Initial responses to this check generally take about two weeks. In about 80 percent of the cases, no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months. Some of these cases involve complex, highly sensitive information and cannot be resolved quickly. Even after FBI has provided an initial response to USCIS concerning a match, the name check is not complete until full information is obtained and eligibility issues arising from it are resolved.

For most applicants, the process outlined above allows USCIS to quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. Most cases proceed forward without incident. However, due to both the sheer volume of security checks USCIS conducts, and the need to ensure that each applicant is thoroughly screened, some delays on individual applications are inevitable. Background checks may still be considered pending when either the FBI or relevant agency has not provided the final response to the background check or when the FBI or agency has provided a response, but the response requires further investigation or review by the agency or USCIS. Resolving pending cases is time-consuming and labor-intensive; some cases legitimately take months or even several years to resolve. Every USCIS District Office performs regular reviews of the pending caseload to determine when cases have cleared and are ready to be decided. USCIS does not share information about the records match or the nature or status of any investigation with applicants or their representatives.

**Created: 03 May 2006 Updated: 03 May 2006**

**Page Tools:** 🖨 Printer friendly version  ✉ E-mail this article

🔼 BACK TO TOP

USINFO delivers information about current U.S. foreign policy and about American life and culture. This site is produced and maintained by the U.S. Department of State's Bureau of International Information Programs.

Links to other internet sites should not be construed as an endorsement of the views contained therein.

Exhibit C

U.S. Department of Justice
Immigration and Naturalization Service
Detroit District Office

---

**Adjustment of Status Receipt Letter**

P.O. BOX 14760
Detroit, Michigan 48214

NOTICE DATE: OCTOBER 26, 2002

ADNAN TAGEDDINE
7251 REUTER.
DEARBORN, MI 48126

# THE FOLLOWING APPLICATIONS FOR ADJUSTMENT OF STATUS HAVE BEEN RECEIVED:

**APPLICANT NAME:**
ADNAN TAGEDDINE

**FILE NO:**
A 95456491

IF AN ADJUSTMENT OF STATUS INTERVIEW IS REQUIRED YOU WILL BE NOTIFIED BY MAIL WITHIN **12** MONTHS OF THE NOTICE DATE ABOVE. IF AN INTERVIEW IS REQUIRED, YOU WILL BE NOTIFIED OF THE DATE, TIME AND WHAT ADDITIONAL ITEMS YOU MAY BE REQUIRED TO SUBMIT. IF NO INTERVIEW IS REQUIRED, YOU WILL BE NOTIFIED OF THE DECISION MADE ON YOUR APPLICATION.

**INQUIRIES WILL NOT BE ACCEPTED UNTIL 12 MONTHS HAVE ELAPSED FROM THE "NOTICE DATE" ABOVE. NO RESPONSE WILL BE GIVEN TO INQUIRIES SUBMITTED DURING THE 12 MONTHS.**

## PLEASE READ ALL INSTRUCTIONS PROVIDED BELOW.

IN CONNECTION WITH YOUR APPLICATION YOU MAY BE REQUIRED TO APPEAR FOR FINGERPRINTING. YOU WILL RECEIVE SEPARATE NOTICE OF WHEN AND WHERE TO APPEAR FOR FINGERPRINTING.

IF YOU APPLIED FOR EMPLOYMENT AUTHORIZATION IN CONNECTION WITH YOUR APPLICATION, YOU WILL RECEIVE SEPARATE NOTICE OF YOUR APPOINTMENT TO RECEIVE YOUR EMPLOYMENT AUTHORIZATION DOCUMENT. IF NINETY DAYS HAVE ELAPSED SINCE YOU FILED YOUR APPLICATION FOR EMPLOYMENT AUTHORIZATION YOU MAY APPEAR IN PERSON AT THE DISTRICT OFFICE TO INQUIRE AS TO THE STATUS OF THAT APPLICATION. BRING THIS NOTICE WITH YOU.

IF YOU HAVE REQUESTED TRAVEL AUTHORIZATION IN CONNECTION WITH YOUR APPLICATION, YOU WILL RECEIVE WRITTEN NOTICE OF THE DECISION MADE ON YOUR REQUEST.

**1) IF YOU CHANGE YOUR ADDRESS** – COMPLETE AND RETURN THE ATTACHED CHANGE OF ADDRESS FORM AS INSTRUCTED ON THAT FORM.

**2) IF YOU PLAN TO DEPART FROM THE UNITED STATES** TO ANY COUNTRY, INCLUDING CANADA OR MEXICO, PRIOR TO YOUR INTERVIEW, YOU MAY BE REQUIRED TO OBTAIN ADVANCE AUTHORIZATION FROM THE INS. *WARNING: DEPARTURE FROM THE UNITED STATES, EVEN WITH THE ADVANCE AUTHORIZATION OF THE INS, MAY ADVERSELY EFFECT YOUR ELIGIBILITY FOR ADJUSTMENT OF STATUS.*

**3) IF YOU DO NOT RECEIVE AN INTERVIEW APPOINTMENT NOTICE WITHIN THE TIME-FRAME INDICATED ABOVE** - YOU MAY INQUIRE ABOUT YOUR CASE AT THE DETROIT DISTRICT OFFICE.

**4) IF YOU ARE A VISA LOTTERY (DV) ADJUSTMENT APPLICANT** YOU SHOULD INQUIRE AT THE DISTRICT OFFICE IF YOU DO NOT HEAR FROM THE SERVICE WITHIN 90 DAYS OF THIS NOTICE. *WARNING: EACH DIVERSITY VISA YEAR CLOSES ON SEPTEMBER 30ᵀᴴ. TO BE ELIGIBLE FOR ADJUSTMENT OF STATUS YOUR CASE MUST BE COMPLETED BY SEPTEMBER 30 OF THE DIVERSITY VISA YEAR THAT YOU WERE SELECTED.*

**5) IF YOU ARE APPLYING FOR A CHILD WHO WILL TURN 21 YEARS OLD BEFORE THE SCHEDULED INTERVIEW DATE** PLEASE APPEAR IN PERSON AT THE DISTRICT OFFICE, WITH THE CHILD AND A COPY OF THIS LETTER TO REQUEST AN EARLIER INTERVIEW DATE. PLEASE MAKE THIS REQUEST AS SOON AS POSSIBLE.

Exhibit D

US DEPT OF JUSTICE
DETROIT, MI

04/27/04

95456944##
LAST NAME          0.00
SBEITI##
FIRST NAME         0.00
AYMAN##
I 485 X2         255.00
FINGER PRINT XP
                  50.00
SUBTTL           305.00
CHECK    305.00

7465003    15:26
RETAIN THIS RECEIPT

Exhibit E

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1155 Brewery Park Blvd., Ste.450
Detroit, MI 48207


IN REMOVAL PROCEEDINGS


*In the matter of:*

Ayman H. SBEITI
A95 456 344
_____/

George P. Mann
Attorney for Respondent
P24888
30101 Northwestern Hwy., Ste. 301
Farmington Hills, MI 48334
Tel: (248) 932 0990
_____/



### LIST OF EXHIBITS IN SUPPORT OF RESPONDENT'S APPLICATION FOR ADJUSTMENT OF STATUS

| | |
|---|---|
| Exhibit 1 | EOIR-28, Notice of Appearance on behalf of Respondent |
| Exhibit 2 | Form G-325, Biographic Information for Respondent |
| Exhibit 3 | Form G-325, Biographic Information for Respondent |
| Exhibit 4 | Form I-485, Application for Adjustment of Status on behalf of Respondent stamped by CIS with proof of being feed in |
| Exhibit 5 | Copy of Receipt Notice for form I-485 |
| Exhibit 6 | Copy of I-130 Receipt Notice pending with Nebraska Service Center since 05/27/2003 |
| Exhibit 7 | Copy of Marriage Licence |
| Exhibit 8 | Copy of birth certificate showing Respondent's spouse is a born US Citizen |
| Exhibit 9 | Respondent's birth certificate |
| Exhibit 10 | Copy of Respondent's Divorce Judgement |
| Exhibit 11 | Copy of Respondent's passport pages |
| Exhibit 12 | Medical Report |
| Exhibit 13 | Form I-864, Affidavit of Support signed by petitioner |
| Exhibit 14 | Letter of employment for for petitioner |
| Exhibit 15 | Petitioner's Tax Returns and W-2 for the year 2003 |
| Exhibit 16 | Form I-864, Affidavit of Support signed by joint sponsor |
| Exhibit 17 | Copy of Naturalization Certificate and passport, showing that joint sponsor is a US Citizen |
| Exhibit 18 | Letter of employment for the joint sponsor |
| Exhibit 19 | Tax returns and W-2 for the years 2003, 2002, 2001 for joint sponsor |
| Exhibit 20 | Copy of Lease Agreement on behalf of Respondent and his wife |
| Exhibit 21 | Copy of receipt from the "Helzberg Diamonds" where Respondent bought the ring for his spouse |
| Exhibit 22 | Pictures of the couple together |

# UNITED STATES DEPARTMENT OF JUSTICE
Executive Office For Immigration Review
Office of the Immigration Judge

In the Matter of:                                    Case No.:
SBEITI, Ayman                                           A 95-456-344
          Respondent/Applicant        In Removal Proceedings

## ORDER OF THE IMMIGRATION JUDGE

      The above-captioned case is currently on the docket pending a merits hearing on respondent's applications for relief and protection. It now appears that respondent may also be prima facie eligible to seek adjustment of status pursuant to INA § 245.

      The Principal Legal Advisor of the United States Immigration and Customs Enforcement, William J. Howard, recently issued a memorandum for "Chief Counsel" concerning "Exercising Prosecutorial Discretion to Dismiss [without prejudice] Adjustment Cases". The purpose the memorandum was to set "a policy to reallocate limited ICE resources to priority cases by dismissing appropriate cases" where respondent can "demonstrate prima facie eligibility for adjustment of status".

      Pursuant to the above memorandum, the parties have submitted a joint motion to terminate removal proceedings without prejudice for respondent to seek adjustment of status before the United States Citizenship and Immigration Services (USCIS). In that joint motion, respondent also withdrew with prejudice all applications for relief and protection pending before the court.

      **IT IS THEREFORE ORDERED** that all applications for relief and protection pending before the court are withdrawn with prejudice;

      **IT IS FURTHER ORDERED** that the proceedings are terminated without prejudice;

      **IT IS FURTHER ORDERED** that pursuant to stipulation of the parties, if USCIS denies respondent's application for adjustment of status, this court will reopen proceedings upon motion by either party (or a joint motion).

                          Marsha K. Nettles
                          U.S. Immigration Judge

                          January 11, 2006
                          Date

**JS 44** (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

07 - 11315

### I. (a) PLAINTIFFS
TAGEDDINE, Adnan Hassan
SBEITI, Ayman

**DEFENDANTS**
District Director, USCIS Detroit; United States Department of Homeland Security; U.S. Attorney General; Federal Bureau of Investigation

**(b)** County of Residence of First Listed Plaintiff    Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Wayne
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

07 - 11315

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
George P. Mann and Associates
33505 W. 14 Mile Rd., Ste. 20 Farmington Hills, MI 48331
Phone: (248) 932-0990

Attorneys (If Known)    **MAGISTRATE JUDGE SCHEER**

**LAWRENCE P. ZATKOFF**

### II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Select One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1331 and 1361. 28 USC §§ 2201 and 2202
Brief description of cause:
Adjudication of the I-485 Adjustment Applications and the FBI to complete plaintiff's security check

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                DOCKET NUMBER

DATE    March 23, 2007    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☑ No

　If yes, give the following information:

　Court: _____

　Case No.: _____

　Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　☑ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

　If yes, give the following information:

　Court: _____

　Case No.: _____

　Judge: _____


Notes :